**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| RHONDA FLEMING, § | |
| (Reg. #20446-009) § | |
|     Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-09-2763 |
| § | |
| THE GEO GROUP INC., *et al.,* § | |
| § | |
|     Defendants. § | |

**ORDER ON PENDING MOTIONS**

Rhonda Fleming, an inmate in the federal Bureau of Prisons, sued in August 2009, alleging the denial of her right to exercise her religion, denial of adequate medical care, denial of proper nutrition, denial of proper recreation, discrimination, denial of access to the courts, and retaliation. She alleged that these civil-rights violations took place while she was confined at the Joe Corley Detention Facility ("JCDF").[1] Fleming, proceeding *pro se* and *in forma pauperis,* sued the Geo Group, Inc.; the United States Marshals Service ("USMS"); Aramark Corporation; Commissary Network Sales; and various officials at the JCDF, including the warden. On September 9, 2009, this court dismissed Fleming's lawsuit as barred by the three-strikes provision of 28 U.S.C. § 1915(g). (Docket Entry No. 5). In these motions, Fleming asserts, among other things, that this case should be reinstated because she was in imminent danger when she filed suit. For the reasons discussed below, the court finds that she has not made the requisite showing. This case will not be reinstated on the court's docket.

---

[1] Fleming was transferred from the Joe Corley Detention Facility to Federal Medical Center Carswell (Carswell), on March 16, 2010.

**I.	Background**

Fleming's allegations included that while she was incarcerated the JCDF, she had been denied the opportunity to exercise her religion; denied adequate medical care; given food that was unhealthy, of poor quality, and served in very small portions, which forced her and other detainees to purchase food from the commissary; and charged commissary prices that were 60% higher than other state or federal prison commissaries. Fleming also alleged that she was denied adequate in-cell and out-of-cell recreation. She alleged that in her cellblock, where female detainees are sometimes placed for disciplinary infractions, she and other detainees had to clean the showers, day room, and cells of other detainees, without pay.

This case was dismissed without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g). Fleming has filed three separate motions for reconsideration. (Docket Entry Nos. 9, 11,[2] & 13).

**II.	Analysis**

A prisoner may not bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of that inmate's civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Before filing this action, Fleming had at least two appeals and two suits dismissed as frivolous. *Fleming v. Ratliff,* Appeal No. 00-50342 (5th Cir.)(dismissed as frivolous on October 18, 2000); *Fleming v. Nance,* Appeal No. 00-50079 (5th Cir.)(dismissed as frivolous on August 24, 2000); *Fleming v. Ratliff,* 6:97-405 (W.D. Tex.)(dismissed as frivolous on April 14, 2000); and *Fleming v. Nance,* 6:97-409 (W.D.

---

[2]  It appears that Docket Entry No. 11 is a duplicate of Docket Entry No. 9.

Tex.)(dismissed as frivolous on January 20, 2000). On September 9, 2009, this court concluded that Fleming had not alleged that she was in imminent danger of serious physical injury and dismissed the case under 28 U.S.C. § 1915(g). (Docket Entry No. 5).

Fleming argues that the "imminent danger of serious physical injury" exception does apply. (Docket Entry No. 9). She asserts that she several mental health disorders, including that she is bipolar, and alleges that the defendants provided inadequate treatment and gave her the wrong medications, no medications, or administered her medications incorrectly. Fleming argues that she has shown a pattern of misconduct that harmed her and continues to place her in imminent danger of serious physical harm. Fleming argues that her bipolar condition can be fatal, noting that a large number suffering from this disorder commit suicide. She states that while she was confined at FMC Carswell and FDC Houston, she was treated properly and her condition was stabilizing. While at the JCDF, Fleming had several manic and depressive episodes. Fleming asserts that she was hospitalized last year after a major depressive episode.

A prisoner make invoke the imminent danger exception to section 1915(g) only to seek relief from a danger imminent when the complaint is filed. *See Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001))("'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending [and][s]omeone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'" ). Past dangers are not sufficient. *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). The injury must be "imminent or occurring at the time the complaint is filed." *Fuller*, 288 Fed. Appx. at 511 (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). To satisfy the "imminent danger" exception, a complainant must offer "specific fact allegations of ongoing serious physical injury,

3

or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Fuller v. Wilcox*, 288 Fed. Appx. 509, 511 (10th Cir. 2008) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. *Id*.; *see White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

The cases in which courts find imminent danger of serious physical injury primarily involve a prisoner's complaint that essential medications are completely withheld or the prisoner is placed with inmates who have targeted him as an enemy. *See Brown v. Johnson,* 387 F.3d 1344 (11th Cir. 2004) (finding imminent danger of serious physical injury based on allegation that prison officials had withdrawn treatment for HIV and hepatitis, leading to severe complications and rapid deterioration); *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998) (finding based on allegation that officials repeatedly placed prisoner near inmates on his enemy list who had hurt the prisoner and prisoner alleged he had suffered harm twice as result).

The Eleventh Circuit's decision in *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004), is instructive on the issue of what constitutes "imminent danger of serious physical injury." The plaintiff, who suffered from HIV and hepatitis, alleged a total withdrawal of treatment, which resulted in severe ongoing complications and a deterioration of his condition. *Id*. at 1350. The defendants argued that he had failed to satisfy section 1915(g) because the problems he alleged as resulting from the withdrawal of treatment did not constitute a serious injury and he was not in imminent danger of dying from the withdrawal of treatment. *Id*. The court held that the total withdrawal of treatment for a serious and potentially fatally condition that had resulted in severe deterioration and complications satisfied the imminent danger exception of § 1915(g). *Id*.

Fleming alleged that she was transferred to JCDF on October 24, 2008. She transferred from

a federal facility that included a mental health treatment center for prisoners. At that facility, she had been diagnosed as having bipolar disorder, post-traumatic stress disorder, and severe anxiety, and had been treated for a major depressive episode when she arrived. She had been transferred from that facility to the JCDF with a 30-day supply of her medications, Tegretol and Effexor XR. On October 25, 2008, Fleming complained that she was denied the medications that had been prescribed at Carswell. She alleged that she went through physical withdrawal.

On November 3, 2008, before her criminal trial began, the judge presiding over that trial ordered that Fleming be given the medications she was prescribed before her transfer to the JCDF.[3] Fleming was prescribed 200mg of Tegretol, twice a day in 12-hour intervals, and Effexor XR, 150mg, once a day in the morning. Fleming alleged that from March 23, 2009 to April 27, 2009, the medication was not administered as prescribed. Fleming claimed that the denial of adequate treatment in combination with the improper administration of her medication led to suicidal thoughts, hives, mania, and major depression.

On July 2, 2009, Fleming was seen by Dr. Caballero, via telemed service. Dr. Caballero told Fleming that no one should be on Effexor XR for one year. He discontinued the medication, then on August 13, 2009, decided to represcribe it. Fleming stated:

> The Plaintiff went through at least four weeks of pure hell, withdrawals from psychotropic medications, which the Defendants took and gave at will, so at this point, she refused all medical care, for her own physical safety. The Plaintiff acknowledges she needs mental health care, but the Defendants have unnecessarily caused too much physical and mental pain, to be trusted to administer any more medications. Any time they decided to take the medications, they do, without

---

[3] In Criminal Action Number 4:07-CR-513, Fleming represented herself at trial. On April 21, 2009, Fleming was convicted of conspiracy to commit healthcare fraud and wire fraud and several counts of aiding and abetting, and money laundering. On February 8, 2010, she was sentenced to a total term of 360 months.

justification and with no concern for the welfare of the Plaintiff or other detainees. (Docket Entry No. 1, Complaint, p. 8). On July 2, 2009, Fleming refused her psychotropic medications. Fleming filed this suit on August 24, 2009.

The plaintiff in *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004), satisfied the imminent danger exception of § 1915(g) because he alleged a total withdrawal of treatment for his chronic diseases that would be fatal absent treatment, with a severe deterioration of his condition and severe ongoing complications. In this case, however, before Fleming filed suit, there had been a court order requiring her to be prescribed medications for her psychiatric condition. She was prescribed the medications, under court order. This past source of danger was addressed. She then refused to take the medications, and two weeks later filing her complaint. She cannot complain that she was in imminent danger of serious physical injury because she was denied medications when she refused to take the medications that were prescribed.

Fleming relies on cases from other circuits for the proposition that allegations of "ongoing danger" are the same as allegations of "imminent danger." For example, Fleming cites *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998). However, the Eighth Circuit ruled in *Ashley* that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g)." *Id.* at 717. Fleming's allegations that the defendants refused her treatment in the past do not constitute imminent danger. Although Fleming refers to the misconduct to which she is allegedly subject as "on-going," the label, without more, is not sufficient to establish imminent future danger. *See Abdul-Akbar,* 239 F.3d at 311-15. To overcome the sanction bar, Fleming must show that she is in imminent danger when she filed her suit. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (per curiam); *Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir. 1998) (per

curiam opinion following *Banos* ). She did not do so.

In further support of her claim that she is not barred by the three-strikes provision of 28 U.S.C. § 1915(g), Fleming argues that she has had only two lawsuits dismissed. She maintains that the appeals of those lawsuits were not separate or distinct from the original lawsuits. (Docket Entry No. 13, pp. 4-5). *In Adepegba v. Hammons*, 103 F.3d 383, (5th Cir. 1996), the Fifth Circuit stated that "[i]t is straightforward that affirmance of a district court dismissal as frivolous counts as a single 'strike.'" An appellate decision merely stating that the district court did not err in determining that the underlying action was frivolous is not a separate or distinct "strike" from the underlying dismissal. But an appeal that is itself dismissed as frivolous does count as a separate and additional "strike."

Two of Fleming's lawsuits were dismissed as frivolous. *Fleming v. Ratliff,* 6:97-405 (W.D. Tex.)(dismissed as frivolous on April 14, 2000), and *Fleming v. Nance,* 6:97-409 (W.D. Tex.)(dismissed as frivolous on January 20, 2000). Fleming appealed both cases. The Fifth Circuit determined that both appeals were frivolous. *Fleming v. Ratliff,* Appeal No. 00-50342 (5th Cir.)(dismissed as frivolous on October 18, 2000); *Fleming v. Nance,* Appeal No. 00-50079 (5th Cir.)(dismissed as frivolous on August 24, 2000). The Fifth Circuit did not limit its decision to the propriety of the district court's dismissal. Because the Fifth Circuit considered the merits of Fleming's appeals, they count as two additional strikes.

Fleming's motions for reconsideration, (Docket Entry Nos. 9, 11, & 13), are DENIED. Fleming's motion for a ruling on her motions for reconsideration, (Docket Entry No. 15), is granted *nunc pro tunc.*

### III. The Motion for Injunctive Relief

Fleming filed a motion for temporary restraining order and preliminary injunction, (Docket Entry No. 10), seeking to enjoin prison officials from denying her right to exercise her religion. She asked this court to compel the defendants to hire a full-time chaplain to provide worship services and organize other religious activities. She also sought an order compelling the defendants to build a multipurpose room for worship services.

Four prerequisites must be satisfied before a plaintiff can be awarded preliminary injunctive relief: (1) substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) an evaluation that the threatened injury to the plaintiff outweighs the threatened injury the injunction may cause the defendants; and (4) a determination that the injunction does not disserve public interest. *Rodriguez v. United States,* 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied,* 516 U.S. 1166 (1996); *Hay v. Waldron*, 834 F.2d 481 (5th Cir. 1987). Injunctive relief in the form of "superintending federal injunctive decrees directing state officials," is an extraordinary remedy. *Morrow v. Harwell*, 768 F.2d 619, 627 (5th Cir. 1985).

Fleming was transferred from the Joe Corley Detention Facility to FMC Carswell on March 16, 2010. Fleming has neither alleged nor demonstrated that there is a reasonable likelihood that she will be transferred back to the JCDF. Her transfer makes her claim for an injunction moot. *See Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) (quoting *Murphy v. Hunt,* 455 U.S. 478, 482 (1982)); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (transfer from unit made the prisoner's claims for declaratory and injunctive relief moot); *see also Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (same).

Fleming's motion for temporary restraining order and preliminary injunction, (Docket Entry No. 10), is denied without prejudice as moot.

## IV.     Remaining Motions

Fleming alleges that another inmate, Mike Mendoza, Jr., sought her assistance in litigating a suit he had filed, Civil Action Number H-09-1019. (Docket Entry No. 1). On September 9, 2009, this court dismissed Fleming's complaint in the instant suit. The record shows that Mendoza had paid the $350.00 filing fee in his case. Fleming sought to join that lawsuit by filing an amended complaint on September 24, 2009. On September 28, 2009, the judge presiding over Civil Action Number 4:09-1019 struck Fleming's amended complaint. Fleming filed a second motion to amend complaint October 9, 2009, which was denied on October 20, 2009. Mendoza's complaint was dismissed for failure to state a claim and as frivolous on January 29, 2010. Though Fleming asserts that she and Mendoza had similar claims, the record shows that Mendoza only complained of the denial of access to the courts.

Fleming's motion to amend complaint to add Mike Mendoza, Jr. as a plaintiff, (Docket Entry No. 13-2), and motion for joinder of defendants, (Docket Entry No. 13-3), are denied.

SIGNED on April 12, 2010, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　　　　　　United States District Judge